**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHOPS AT GRAND CANYON 14, LLC, | |
| Plaintiffs, | Case No 2:09-CV-01234-RLH-PAL |
| vs. | **ORDER** |
| RACK ROOM SHOES, INC., | Counter Motion/Protective Order (Dkt.#25) |
| | Motion/File Surreply (Dkt. #31) |
| | Motion/Issuance of Letters Rogatory (Dkt.#35) |
| Defendant(s). | Ex Parte Motion/OST (Dkt. #36) |

The court conducted a hearing on June 22, 2010 on Defendant's Motion to Compel (Dkt. #20) and granted the motion to the extent non-party Triple Five was required to produce the documents at issue *in camera* for the court's review.

Non-party Triple Five filed a Counter Motion for Protective Order (Dkt. #25) which addressed the same documents and testimony at issue in the motion to compel. In a Stipulation (Dkt. #27) which was approved by the court in an Order (Dkt. #28) the parties resolved several disputes arising out of the motion to compel and motion for protective order. However, the one aspect of the motion to compel and motion for protective order which was unresolved was a demand that non-party Triple Five produce documents and testimony related to <u>Triple Five Development Corporation v. Andrew Rankin</u>, Case No. A584495 filed in State Court. This was an action filed by Triple Five against Andrew Rankin, its former Associate General Counsel for embezzlement. Mr. Rankin was involved in the negotiation of the lease at dispute in this lawsuit. His deposition was taken but he refused to answer certain questions and specifically questions concerning his settlement with Triple Five.

The court has reviewed the settlement agreement and related papers *in camera* and finds that they need not be produced. Rack Room seeks the documents, and to compel Triple Five to produce a Rule

30(b)(6) designee about the embezzlement action filed against Mr. Rankin. Rack Room claims it needs the settlement agreement, and testimony "because Mr. Rankin's veracity will certainly be at issue at trial". However, Rack Room has information about the allegations litigated in the Rankin case from documents available in the public record, and the merits of the parties' claims and defenses in that case are collateral at best, to the issues involved in this case. The court will therefore deny the motion to compel and grant the motion for protective order.

Rack Room also filed a Motion for Issuance of Letters Rogatory (Dkt. #35) and an Ex Parte Motion for an Order Shortening Time (Dkt. #36) to expedite consideration of the request. Both motions contain proposed orders for the signature of the district judge. The parties also submitted a Stipulation and Proposed Order (Dkt. #34) requesting an extension of the discovery cut-off. The stipulation was docketed as a submission and order which also contained a signature block for the district judge. Drafting proposed orders for the district judge's signature delayed rather than expedited consideration of these matters. In this district, magistrate judges are automatically referred all discovery related motions and requests for any modification of the parties' discovery plan and scheduling orders. The undersigned has signed the two requests for international judicial assistance (letters rogatory) and will therefore deny the motion for an order shortening time as moot.

IT IS ORDERED:

1. Non-party Triple Five Development Corporation's Counter Motion for Protective Order (Dkt. #25) is **GRANTED**.
2. Defendant's Motion for Leave to File Surreply (Dkt. #31) is **GRANTED**.
3. Defendant's Motion for Issuance of Letters Rogatory (Dkt. #35) is **GRANTED**.
4. Defendant's Ex Parte Motion for an Order Shortening Time (Dkt. #36) is **DENIED as MOOT.**

Dated this 3rd day of August, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE