**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHOPS AT GRAND CANYON 14, LLC, | |
| Plaintiff, | Case No. 2:09-cv-01234-RLH-PAL |
| vs. | **ORDER** |
| RACK ROOM SHOES, INC, | (Mot to Strike Expert - Dkt. #41) |
| Defendant. | (Mot to Extend Discovery - Dkt. #44) |

The court conducted a hearing on October 5, 2010 on Plaintiff's Motion to Strike Expert Testimony (Dkt. #41), and Defendant's Motion to Extend Discovery (Dkt. #44). Daniel McNutt appeared on behalf of the Plaintiff. Justin Jones and Peter Barr appeared on behalf of the Defendant.

**BACKGROUND**

The Complaint in this case was filed in state court and removed (Dkt. #1) July 8, 2009. Plaintiff Shops at Grand Canyon 14, LLC ("Grand Canyon") has asserted claims for breach of a lease and breach of an implied covenant of good faith and fair dealing. The Complaint arises out of the parties' duties and obligations under a lease agreement and first amendment to the lease agreement. Grand Canyon is the owner of the leased premises and entered into a lease agreement with Defendant Rack Room Shoes, Inc. ("Rack Room"). Plaintiff claims that Rack Room breached its contractual obligations by wrongfully terminating the lease. The original lease contained a clause indicating a large retailer "Mervyns" was an established anchor tenant. Mervyns filed for bankruptcy and terminated its operations. Plaintiff located another large retailer, "Kohls", as a suitable replacement for Mervyns. The parties executed a first amendment to the lease agreement to substitute Kohls as an anchor tenant for Mervyns. Mervyns leased space within the commercial complex owned by Grand Canyon. However, Kohls was purchasing the building it intended to occupy from Plaintiff. Rack Room requested a copy

of the fully executed signature page of the purchase agreement, and the document was provided as requested.

Rack Room terminated the lease agreement when Kohls did not close escrow on the building by January 31, 2009. The parties' dispute in this case is a matter of contract interpretation. Plaintiff argues that, because Kohls was contractually obligated to purchase the building by January 31, 2009, Plaintiff complied with the co-tenancy provisions of the first amendment to the lease. Defendant claims Kohls was required to close escrow prior to January 31, 2009 before it was bound by the parties' lease agreement.

Both sides agree that the lease agreement and amended lease agreement in this case are clear and unambiguous, and that their dispute should be resolved as a matter of law by the district judge. However, the parties disagree on what the word "purchase", as used in their agreements, means. Plaintiff claims that it complied with its contractual obligations by providing Rack Room with a fully executed signature page of the purchase agreement with Kohls which evidenced the fact that Kohls was, in fact, purchasing the building. The term "purchasing" was used in Section 5 of the first amendment to the lease. Defendant claims the word "purchase" means the acquisition and taking of title to real property. Thus, when Kohls did not close escrow and take title to the property before January 31, 2009, Rack Room was entitled to terminate the lease.

Both sides agree that an expert witness may not be called to provide a legal opinion. Defendant designated Steven Evans, a Vice President of CB Richard Ellis, as an expert to provide testimony on industry custom, practice and usage in the event the district judge determines extrinsic or parol evidence is required to resolve the parties' dispute concerning the meaning of the agreements at issue in this case. Plaintiff argues that Evans cannot offer any testimony that is admissible under Federal Rule of Evidence 702 because his proffered testimony supplants the authority and role of the judge to interpret the parties' contract. Evans's proffered testimony is therefore not useful or helpful to assist the trial judge.

Defendant agrees that the parties' dispute should be resolved as a matter of law, by having the trial court interpret the parties' contract. However, if the trial judge disagrees and believes the term "purchase", as used in the parties' agreement, is ambiguous, and that extrinsic or parol evidence is

///

required, Mr. Evans can offer admissible testimony under Rule 702 on industry custom, practice and usage.

## **DISCUSSION**

In *Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576, 586 (10th Cir. 1998), the Tenth Circuit succinctly noted there are two requirements that parties seeking to offer expert testimony must satisfy. First, the witness must be an expert. Second, the expert testimony must assist the trier of fact.

Fed. R. Evid. 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Rule 702 was amended in 2000 in response to the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny. Fed. R. Evid. 702 advisory committee note (2000 Amendments).

The Ninth Circuit has held that "in considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir.), *cert. denied*, 530 U.S. 1268 (2000).

Matters of law are generally inappropriate subjects for expert testimony. *Flores v. Arizona,* 516 F.3d 1140, 1166 (9th Cir. 2008). However, the Ninth Circuit has recognized that there may be "instances in rare, highly complex and technical matters where a trial judge utilizing limited and controlled mechanisms, under the matter of trial management, permits some testimony seemingly at variance with the general rule." *Id. citing Nieves-Villanueva v. Soto-Rivera,* 133 F.3d 92, 101 (1st Cir. 1997). In *Flores*, the Ninth Circuit found that expert testimony may be helpful in a hearing involving an inquiry into education law and policy, especially in a bench trial "where there was no danger that a jury might give to much credence to a legal expert." In *McHugh v. United Service Auto Association,* 164 F.3d 451 (9th Cir. 1999), the Ninth Circuit held experts could not be used "to provide legal meaning or interpret insurance policies as written."

///

"Resolving doubtful questions of law is the distinct and exclusive province of the trial judge." *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) (internal quotation marks omitted); *See also United States v. Brodie*, 858 F.2d 492, 496-97 (9h Cir. 1988), overruled on other grounds by *United States v. Morales*, 103 F.3d 1031, 1033 (9h Cir. 1997) (*en banc)*. The Ninth Circuit and other circuits have affirmed trial court decisions to allow experts to refer to terminology from applicable law in expressing their opinions. *Nationwide v. Kass Information Systems, Inc.,* 523 F.3d 1051 (9th Cir. 2008), *citing Hangarter v. Provident Life & Accident Insurance Co.,* 373 F.3d 998, 1017 ("[A] witness may properly be called upon to aid the jury in understanding the facts and evidence even though reference to those facts is couched in legal terms."); *Peckham v. Cont'l Cas. Co.,* 895 F.2d 830, 837 (1st Cir. 1990); *First Nat'l State Bank of NJ v. Reliance Elec. Co.,* 668 F.2d 725, 731 (3rd Cir. 1981). A trial court properly excludes testimony which instructs the jury on legal issues or effectively attempts to instruct the jury how to decide. *Nationwide* at 1059. Evidence that merely tells the jury what results to reach is not sufficiently helpful to the trier of fact to make it admissible under Rule 702. *Id*. at 1060. Moreover, it is clear that offering legal conclusion testimony invades the province of the trial judge. *Id.* at 1059. An expert cannot given an opinion as to her legal conclusion, *i.e.* an opinion on an ultimate issue of law. *Elsayed Mukhtar v. California State University, Hayward,* 299 F.3d 1053 (9th Cir. 2002). The interpretation of a contract is an issue of law which the Ninth Circuit reviews *de novo. Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996). In *Crow Tribe*, the Ninth Circuit stated that expert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law. *Id.*

Interpretation of the parties' lease agreement and amended lease agreement is a question of law for the trial judge to determine. However, if he finds one or more terms of the parties' agreements are ambiguous, and that extrinsic evidence would be helpful in interpreting the parties' intent, Mr. Evans has specialized knowledge of the real estate industry in Las Vegas which may assist him in resolving the parties' disputes.

In this case, counsel for Defendant concedes that Mr. Evans may not testify about legal conclusions. Both sides agree that the district judge should resolve the parties' disputes in cross motions for summary judgment by interpreting the terms of the parties' contract as a matter of law.

Counsel for Defendant argues that, in the event the district judge determines the term "purchase" is ambiguous and that extrinsic evidence is required, Mr. Evans may offer admissible testimony on industry custom, practice and usage of the term.

If this case is not resolved on cross motions for summary judgment, this is a bench trial rather than a jury trial. After the district judge has had an opportunity to review the parties' respective positions, he will be in the position to evaluate whether Mr. Evans' testimony would be helpful. As the Ninth Circuit has observed, there is nothing prejudicial in reserving a ruling on the admission of opinions and conclusions until offered at trial when all of the necessary foundation must be proved before questions asking for opinions and conclusions will be permitted. *See United States v. Alatorre*, 222 F.3d 1098, 1099 (9th Cir. 2000).

For these reasons,

**IT IS ORDERED** that:

1. Defendant's Motion to Extend Discovery (Dkt. #44) is **GRANTED** to the extent that the parties shall have an extension to complete the depositions of Ernie Shore and Rick Brown which both sides agree need to be taken. Additionally, Defendant shall have an extension to take the depositions of David and Eskander Ghermezian provided the Canadian court grants leave pursuant to the letters rogatory process.

2. Plaintiff's Motion to Strike is **GRANTED in part** and **DENIED in part**. The Motion is **GRANTED** to the extent Defendant shall be precluded from calling the expert to provide legal opinion testimony. The motion is **DENIED** to the extent the trial court finds the lease and amended lease agreements are ambiguous and extrinsic or parol evidence on industry practice, custom or usage would be helpful.

Dated this 18th day of October, 2010.

Peggy A. Leen
United States Magistrate Judge